ROGERS JOSEPH O'DONNELL
AARON P. SILBERMAN (State Bar No. 161021)
asilberman@rjo.com
RICHARD M. HARRIS (State Bar No. 268171)
rharris@rjo.com
311 California Street
San Francisco, California 94104
Telephone:  415.956.2828
Facsimile:  415.956.6457

Attorneys for Plaintiff
JACOB FRIEDMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB FRIEDMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF FAIRFAX, a general law city, MARK LOCKABY; LINDA NEAL; THE OFFICE OF BUILDING INSPECTOR OF THE TOWN OF FAIRFAX, in its official capacity; THE PLANNING COMMISSION OF THE TOWN OF FAIRFAX, in its official capacity,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND PETITION FOR ALTERNATIVE WRIT AND STAY AND PEREMPTORY WRIT OF MANDAMUS; DEMAND FOR JURY TRIAL**<br><br>Date:<br>Time:<br>Dept.:<br>Judge:<br><br>**Jury Demanded** |

## NATURE OF THE ACTION

1.      Plaintiff JACOB FRIEDMAN ("Friedman") brings this inverse condemnation action against the Town of Fairfax ("Town" or "Fairfax") under the Fifth Amendment of the United States Constitution and under California state law.  As already found in a state court action (Superior Court of and for the County of Marin, Case No. CV0000737), the Town deprived Friedman of his vested right in constructing his home at 79 Wood Lane in Fairfax, CA ("Property").  Though Friedman had a valid building permit ("the Permit"), the Town illegally suspended Friedman's Permit without a hearing and then, after it was ordered by the Superior Court to rescind that suspension, issued a "temporary suspension" (nowhere authorized by law) and denied Friedman any right to administrative appeal.  The primary

Page 1

COMPLAINT FOR DAMAGES AND PETITION FOR ALTERNATIVE WRIT AND STAY AND PEREMPTORY WRIT OF MANDAMUS; DEMAND FOR JURY TRIAL

568822.1

purpose of this action is to recover damages for the time that Friedman has been unable to use the Property due to the Town's inverse condemnation.

2.    Since the Superior Court's order, the Town has continued to deprive Friedman of his fundamental right to use his property consistent with the Permit. The Property still has a notice from the Town stating that Friedman is precluded from work on the Property.

3.    On January 11, 2024, the Town's Planning Commission took an action suspending Friedman's Permit. When Friedman attempted to exercise his right to appeal (and thereby receive the benefits of his Permit while the appeal was pending), the Town refused to allow the appeal. This is a further taking that is actionable under the Fifth Amendment of the U.S. Constitution.

4.    Plaintiff Friedman is a taxpayer and resident of Fairfax and the State of California. He is seventy-two years old, in the construction business in Fairfax and elsewhere in California, and is authorized, qualified and licensed to perform this business in California.

5.    Defendant Fairfax is a general law city, subject to the Court's power to compel compliance with a legal duty pursuant to sections 1085, 1086 and 1087 of the California Code of Civil Procedure.

6.    Defendant Office of the Building Inspector of the Town of Fairfax ("Building Inspector") is an office within the government of the Town of Fairfax created by statute, Fairfax Town Code ("FTC") § 2.20.010. Building Inspector is subject to the Court's power to compel compliance with a legal duty pursuant to sections 1085, 1086 and 1087 of the California Code of Civil Procedure. The current building inspector under the FTC is Mark Lockaby.

7.    Defendant Planning Commission of the Town of Fairfax ("Planning Commission") is an entity within the government of the Town of Fairfax created by statute, FTC § 2.28.010. The Planning Commission is subject to the Court's power to compel compliance with a legal duty pursuant to sections 1085, 1086 and 1087 of the California Code of Civil Procedure.

8.    Defendant Mark Lockaby is an individual who, on information and belief,

COMPLAINT FOR DAMAGES AND PETITION FOR ALTERNATIVE WRIT AND STAY AND PEREMPTORY WRIT OF MANDAMUS; DEMAND FOR JURY TRIAL

568822.1

resides in the Northern District.

9.    Defendant Linda Neal is an individual who, on information and belief, resides in the Northern District.

**JURISDICTION AND VENUE**

10.    Friedman's federal claims arise out of the Fifth Amendment to the U.S. Constitution, 42 U.S.C. § 1983, and *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019).  This Court has jurisdiction under 28 U.S.C. § 1331 because Friedman's federal claims arise out of the U.S. Constitution and the laws of the United States.  The Court has jurisdiction over the remaining claims under 28 U.S.C § 1367(a) because all claims arise out of the same case or controversy.

11.    Venue in this District is proper under 28 U.S.C. § 1391(b) because all defendants exist within the District and the Property is located in the District.

**STATEMENT OF FACTS**

12.    Friedman owns the real property located at 79 Wood Lane, Fairfax, CA 94930 ("the Worksite").

13.    On July 6, 2021, Friedman submitted an application to Fairfax ("the Application") for the construction of a house and an Accessory Dwelling Unit ("ADU") at the Worksite ("the Project").  The Application included proposed plans for the proposed construction and structure.

14.    For over six months, Fairfax staff and outside administrators objected to, delayed and otherwise interfered with Friedman's efforts to get the Application approved. Specifically, Defendant Linda Neal, the Fairfax Principal Planner, threatened to recommend denial of the application and plans unless Friedman agreed to her demands that the house be lower in height and lower to the ground, even though the house was designed to be under the height limit of the Fairfax Planning Code.  Friedman is informed and believes that these efforts were conducted in bad faith with the intention of delaying and/or preventing Friedman from proceeding with the Project.

15.    On January 20, 2022, the Town Planning Commission unanimously

COMPLAINT FOR DAMAGES AND PETITION FOR ALTERNATIVE WRIT AND STAY AND PEREMPTORY WRIT OF MANDAMUS; DEMAND FOR JURY TRIAL

568822.1

approved Friedman's Application.  A true and correct copy of the approved plans ("Approved Plans") is attached as **Exhibit 1**.

16.     Despite the Planning Commission approval, the Town did not promptly issue a building permit.  Rather, Defendant Mark Lockaby, the Fairfax Building Official, submitted Friedman's Approved Plans to the Town Engineer (an outside contractor) for further review prior to approval for the Permit, further delaying prompt construction.  Finally, on August 4, 2022 (over 13 months after Friedman submitted his Application), the Town issued Friedman the Permit.  A true and correct copy of the Permit and receipt of payment is attached as **Exhibit 2**.  Friedman is informed and believes that these efforts were conducted in bad faith with the intention of delaying and/or preventing Friedman from proceeding with the Project.

17.     After receipt of the Permit, Friedman hired a work crew and mobilized equipment to begin work on the Project.

18.     After the Permit was issued, Friedman informed the Town that he intended to submit an application pursuant to Government Code § 65852, *et seq*. ("SB 9"), which states that projects containing up to two single family homes on property meeting certain requirements "shall be considered ministerially, without discretionary review or a hearing," if certain requirements are met.  The Town responded by email that the Town would conduct several layers of review contrary to SB 9.

19.     On August 9, 2022, Friedman submitted his application for changes to his plans that meets all of SB 9's requirements for ministerial, non-discretionary review.

20.     On the morning of August 10, 2022, the Town, by and through Building Official Lockaby, issued and posted at the Worksite an Order to Stop Work ("OSW") prohibiting any further work on the Project.  The only information the OSW states regarding the "cause" of its issuance was "construction, excavation beyond scope of permit issued."  Friedman is informed and believes that this action was in bad faith with the intention of delaying and/or preventing Friedman from proceeding with the Project and intimidating him out of submitting plan changes.

21.     On August 25, 2022, Friedman was forced to file a petition for alternative

COMPLAINT FOR DAMAGES AND PETITION FOR ALTERNATIVE WRIT AND STAY AND PEREMPTORY WRIT OF MANDAMUS; DEMAND FOR JURY TRIAL

568822.1

writ and stay and mandamus in the state court (Superior Court of and for the County of Marin, Case No. CIV2202708). After filing the petition and serving it on the Town, the parties were able to resolve the dispute short of court intervention. That petition was dismissed by Friedman without prejudice.

22. Work continued on the Project fully in compliance with Town laws and regulations, and always under safe conditions. As is typical on projects like these, Friedman made various changes to the structure. Lockaby requested documentation detailing these changes from Friedman, and Friedman provided these documents. The documents Friedman provided to Lockaby are attached as **Exhibit 3**. Relevant to this dispute, Friedman showed three changes to the plans:

a. A portion of the basement was shown to be an ADU;

b. A portion of the top floor was shown to have been prepared to be a junior accessory dwelling unit ("JADU"), including enclosing an upper deck and adding an exterior stairway; and

c. The front low pitched roof was shown as having been eliminated, and instead a roof deck above a portion of the lower floor even with the top floor was shown.

23. After receiving the documents, Lockaby agreed that Friedman could continue with the work. Lockaby requested that Friedman obtain approval from the Fairfax Planning Commission of the changes described in paragraphs 22(b) and 22(c), above, and that Friedman not complete any further work on these items until the Planning Commission approved the changes.

24. Friedman disputed Lockaby's finding. Section 107.4 of the California Building Code contemplates changes will occur during construction, stating "any changes made during construction that are not in compliance with the approved construction documents shall be resubmitted for approval as an amended set of construction documents." Thus, Friedman asserted his right to continue construction and submit the minor changes to the plan at the conclusion of the Project.

Page 5

25. While the requirements of plan submission were still under discussion, on June 8, 2023, Lockaby issued a notice to stop work ("the Red Tag") on the Project. The "cause" described on the Red Tag was "CONSTRUCTION NOT APPROVED." Friedman understood this Red Tag to allege that Friedman was allegedly constructing the Project in violation of the Fairfax Planning Code (Title 17). A true and correct photograph of the Red Tag issued on June 8, 2023, is attached as **Exhibit 4**.

26. This Red Tag issued in June 2023 deprived Friedman in his vested property right of construction on his property.

27. On June 9, 2023, Friedman signed and submitted to the Town an appeal of the decision of Lockaby under Title 17 of the Town Code ("the Appeal"). On June 12, Friedman paid the required fee for an appeal to the Town. A true and correct copy of that Appeal (unsigned), and the receipt for Friedman's payment, is attached as **Exhibit 5**.

28. Pursuant to the Fairfax Town Code section 17.036.030, an appeal of an administrative official's enforcement of Title 17 stays any enforcement of that action pending a ruling by the Town Council on the appeal. FTC § 17.036.030. The Town claimed that the Appeal was improper and returned Friedman's check to him, uncashed in August 2023.

29. Because he believed Lockaby's decision was stayed pending the appeal, Friedman went back to work on the Project. For some weeks, Lockaby continued to respond to requests for inspection. Work continued in a legal and safe manner. In an effort to resolve the Appeal short of a ruling, Friedman's counsel wrote to Town Counsel Janet Coleson, offering that Friedman would cease work on items described in paragraphs 21(b) and 21(c) above, and request a modification from the Planning Commission and submit plans within 60 days from June 23, 2023. The City's counsel never responded to this offer to resolve the dispute.

30. On July 20, 2023, Lockaby was called to complete, and did complete, an electrical inspection of the Project. During this inspection, the electrical system appeared to Lockaby to be in working order and up to code and so was approved. However, Lockaby refused to issue a "green tag" signifying this approval of the electrical system for connection to PG&E, notwithstanding that it met all of the requirements of the code. Lockaby told Friedman

COMPLAINT FOR DAMAGES AND PETITION FOR ALTERNATIVE WRIT AND STAY AND PEREMPTORY WRIT OF MANDAMUS; DEMAND FOR JURY TRIAL

568822.1

that he could not release the Project's electrical service for connection to PG&E unless and until Linda Neil signed off on it.

31.    On July 21, 2023, counsel for Friedman contacted counsel for the Town to discuss why the electrical was not being approved for connection to PG&E, given that the electrical system was in working order and approved.  During this phone call, counsel for the Town read to counsel for Friedman an email to her from Lockaby, which stated, in substance, that the Town was withholding the approval of the electrical system in order to force Friedman to submit new plans to the Planning Commission and secure approval.  Counsel for the Town then explained that the Town would often withhold a "green tag", not because there was a problem with the electrical work, but in order to extract other concessions from permit holders.

32.    Despite the Town's refusal to issue the green tag, Friedman continued working on the Project.  Over the next few weeks, he was able to complete some work on the Project, although much less efficiently.

33.    Based on this lack of efficiency, Friedman was accruing damages caused by the Town's actions.  On Friday, July 28, 2023, counsel for Friedman sent an email (a true and correct copy is **Exhibit 6**) to counsel for the Town, requesting that the Town issue the green tag to which Friedman was entitled by law.

34.    Counsel for the Town did not respond substantively until August 8, 2023, stating in part "I don't believe the electrical tag will be withheld for issues unrelated to the electrical."  This was wholly contrary to the representations of counsel for the Town made by telephone on July 21, 2023.  A true and correct copy of the Town's response is attached as **Exhibit 7**.

35.    From July 20, 2023, until Friday, August 11, 2023, Friedman's work on the Worksite was inefficient due to the lack of a green tag.  During this time, Friedman would call Lockaby for various inspections, but Lockaby would not respond.  When Friedman called from an anonymous number, Lockaby answered the phone, came to the site, and inspected Friedman's work.  Friedman is informed and believes that ignoring his phone calls was in bad faith with the intention of delaying and/or preventing Friedman from proceeding with the

Project, and/or convincing Friedman to capitulate to the Town's demands and submit plan revisions.

36. On August 11, 2023, Lockaby sent an email to Friedman with an attached letter. In the email, Lockaby states that he observed that the rear stairs were being constructed. He then falsely claims that Friedman had agreed to obtain approval from the Planning Commission before continuing to construct the back staircase. Lockaby then stated: "I have no choice but to suspend your permit until approvals [from the Planning Commission] are obtained." A true and correct copy of this letter is attached as **Exhibit 8**.

37. The letter stated that Lockaby was suspending the permit under California Building Code [A] 105.6 because "the work being done is based on incorrect, inaccurate, and incomplete information." He then listed the same items contained in paragraph 21 above "have not been approved by the planning commission, or building department" and that, "[i]n order to commence construction, planning commission approvals must be obtained, and construction drawings checked, and approved by the building department."

38. On August 14, 2023, a similar letter was posted at the Worksite, together with an OSW, stating that the "cause" of the OSW is "suspension of building permit." A true and correct photograph of the OSW and letter posted is attached as **Exhibit 9.**

39. That same day, counsel for Friedman contacted counsel for the Town, explaining that this OSW was contrary to law. Counsel for the Town responded August 15, 2023, stating that "it's past time for your client to stop doing whatever he wants and follow the direction provided." A true and correct copy of that email is attached as **Exhibit 10**.

40. Rather than discussing the matter, Lockaby sent a new letter by email to Friedman on August 17. 2023. This letter stated that the permit was suspended because "your permit was issued on the basis of your submittal of incorrect, inaccurate, and incomplete information. The construction documents you submitted to obtain the permit did not reflect" the items in paragraph 21 above. This letter does not include information about how Friedman might have the permit reinstated. A true and correct copy of this letter is attached as **Exhibit 11**.

41. Counsel for Friedman wrote an email to Counsel for the Town, demanding

Page 8

reinstatement of the permit because, among other reasons, Friedman had not been afforded notice or a hearing prior to the suspension.  Counsel for the Town responded by stating that Friedman could appeal the suspension of the building permit to the Town Council (true and correct copies of these emails are attached as **Exhibit 12**, p. 5-7).  Counsel for Friedman emailed a response, reminding counsel for the Town that she had stated "there is no appeal to the Planning Commission or Town Council of a Building Official's stop work order issued under the authority of the CA Bldg. Code."  A true and correct copy of the email that included this quote is **Exhibit 13**.  In addition, the Fairfax Town Code does not provide for an appeal under its Building Code.

42.    The Building Code is incorporated into the Fairfax Town Code as Article 15.  Article 15 purports to have a provision allowing for appeals, but it does not.  It states: "Any aggrieved applicant or person may appeal the determination of the chief building official regarding the granting or denial of an exemption or compliance with any other provision of this chapter.  An appeal of a determination of the chief building official shall be filed in writing and processed in accordance with the provisions of § 15.04.028 of this code."  FTC § 15.04.100(C)(4).  But there is no section 15.04.028 of the Fairfax Town Code.

43.    Counsel for Friedman wrote to counsel for the Town on August 22, 2023, that a permit revocation done without notice or a hearing where Friedman could present evidence was "inoperative and of no legal force," citing *City of San Marino v. Roman Catholic Archbishop of Los Angeles*, (1960) 180 Cal.App.2d 657, 669, and, on that basis, Friedman would restart his construction on August 23, 2023.

44.    Friedman also met with Lockaby at the Worksite on August 25, 2023.  During that conversation, Lockaby admitted that the green tag was not being withheld for any reason related to the electrical system, but only because Town attorney Coleson told Lockaby not to issue the green tag until Friedman obtained approval for the plan changes from the Planning Commission.  Lockaby also agreed that the changes under dispute were minor and would likely be approved.  A true and correct copy of an email sent by Friedman recounting this conversion is attached as **Exhibit 14**.  To date, Lockaby has not responded to this email.

COMPLAINT FOR DAMAGES AND PETITION FOR ALTERNATIVE WRIT AND STAY AND PEREMPTORY WRIT OF MANDAMUS; DEMAND FOR JURY TRIAL

568822.1

45. That same day, Defendants caused a police officer to arrive at the Property. The officer informed Friedman's employees that, if they did not stop working, they would be cited and arrested.

46. As a result of the OSW, Friedman was forced to lay off his work crew and totally stop construction. This delayed the Project completion date and increased the cost of completing the Project.

47. Friedman is informed and believes that the purported reasons given by the Town for its having issued, posting and refusing to rescind the OSW are contrary to law, pretextual, factually unsupported and/or were devised after-the-fact in an effort to justify not issuing the green tag. Friedman further is informed and believes that, on or before the date the Town issued the OSW, its actual reasons for issuance were ill will towards Friedman as a result of Friedman's asserting his property and statutory rights, including his right to a green tag, and the Town's goal to convince Freidman to capitulate and agree to apply for changes in the middle, as opposed to at the end, of the Project.

48. On August 28, 2023, Friedman filed a writ of mandamus action in Marin County Superior Court (Case No. CV0000737) ("Writ"). The Writ was heard on October 4, 2023. In that hearing, the state Court granted Friedman's writ in part, ruling that "the Town owed a mandatory duty to provide Friedman with a hearing before suspending the Permit." The Court ordered that the suspension of the permit and the OSW be set aside. The Court did not rule on whether the green tag must be issued, finding that issue was "premature and/or not properly before the Court…." A true and correct copy of this ruling is attached as **Exhibit 15**. This order was entered on October 31, 2023. To date, the red tag and OSW are still onsite, and the Town has continued to refuse to issue a green tag.

49. After the ruling, Friedman requested that Lockaby issue the green tag because there were no issues with the electrical system. Although Lockaby agreed that there were no problems with the electrical system, he would not issue the green tag without agreement from counsel for the Town.

50. Based on the Town's representation to the state Court that appeals of the

Page 10

COMPLAINT FOR DAMAGES AND PETITION FOR ALTERNATIVE WRIT AND STAY AND PEREMPTORY WRIT OF MANDAMUS; DEMAND FOR JURY TRIAL

568822.1

Building Code are properly handled under section 17, Friedman attempted to appeal Lockaby's refusal to issue a green tag. However, Town officials stated that they needed guidance from their attorney before an appeal could be scheduled.

51. Counsel for Friedman contacted counsel for the Town and requested an appeals process under section 17 of the Town Code (without conceding the position that no appeal is required for decisions under the Building Code). Counsel for Fairfax wrote to counsel for Friedman, stating that Friedman was not entitled to an appeal because "there is no decision from which to appeal."

52. In addition, and, on information and belief, in retaliation for Friedman's rightful requests for a green tag, the Town then scheduled a special Planning Commission meeting on January 11, 2024. At this meeting, the Commission held a hearing to determine whether to suspend or revoke the Permit due to alleged illegal deviations from Permit requirements. This was done in spite of the fact that the Town has not yet removed the previous, illegal OSW requiring Friedman to stop work.

53. The hearing violated due process by *inter alia*, failing to give Friedman a full and fair opportunity to be heard, failing to provide any right to compel the testimony of witnesses or cross-examine witnesses, and failing to provide other procedural protections necessary to protect Friedman's due process rights.

54. At the hearing, the Commission made a determination that the Permit is suspended until May 5, 2024. On information and belief, the primary reason the Commission made this determination was to create a pretextual reason to continue to deny Friedman his green tag. The determination of the Commission was contrary to law, and the Commission was without power to suspend Freidman's permit.

55. On January 16, 2024, Friedman attempted to appeal the decision of the Planning Commission by filing an appeal with the Town clerk pursuant to section 17 of the Town Code. Linda Neal, the individual in the Town office at the time, refused to allow Friedman to file an appeal, and would not accept either the appeal or the fee which Friedman was prepared to pay. A true and correct copy of the appeal Friedman attempted to submit is

COMPLAINT FOR DAMAGES AND PETITION FOR ALTERNATIVE WRIT AND STAY AND PEREMPTORY WRIT OF MANDAMUS; DEMAND FOR JURY TRIAL

568822.1

attached as **Exhibit 16** ("Second Appeal").

56. Filing an appeal stays the action of the Planning Commission until the appeal is heard by the Town Council. As a result, had the Town not refused Friedman's tendered Second Appeal, he would have been entitled to continue work under his Permit upon his filing of the Second Appeal and until the Town Council decides that appeal. By refusing to accept Friedman's appeal, the Town has deprived, and continues to deprive, Friedman of his right to continue to use his Permit pending a final hearing from the Town Council.

57. On January 16, 2024, counsel for Friedman wrote to council for Fairfax, requesting that the Second Appeal be accepted according to law. On January 17, 2024, counsel for the Town appeared in a status hearing in the state court action No. CV0000737. When questioned about the outstanding appeal, the Town represented to the Court that the temporary suspension of Mr. Friedman's permit was an "unappealable" decision. On January 18, 2024, counsel for Friedman recounted this to counsel for the Town by email, and counsel for the Town did not deny it. A true and correct copy of this email is **Exhibit 17**.

58. Friedman met the requirements of section 910, *et seq.,* of the California Government Code by submitting a claim to the Town on or around August 22, 2023. That notice described the substance of these claims as they existed on that date, as well as all other requirements of the Government Code. The Town failed to respond to this notice.

## FIRST CAUSE OF ACTION

**(Taking Due Compensation – Fifth Amendment of U.S. Constitution – Against Town, Building Department, and Planning Commission)**

58. Friedman refers to and re-alleges all of the above paragraphs and by this reference incorporates those paragraphs as though fully set forth herein.

59. Friedman possessed a vested right in his Permit. Each time Lockaby and/or the Town ordered him to stop work and/or suspended the Permit, this constituted a regulatory taking without just compensation.

60. Upon submission of the Second Appeal, Friedman was entitled to continue work on his Permit until the Town Council decided the appeal. Refusing to accept the Second

COMPLAINT FOR DAMAGES AND PETITION FOR ALTERNATIVE WRIT AND STAY AND PEREMPTORY WRIT OF MANDAMUS; DEMAND FOR JURY TRIAL

568822.1

Appeal constitutes an additional taking, because Friedman lost his right to continue working on his permit.

61. The Town has made a final decision to not accept the Second Appeal.

62. No exhaustion of administrative remedies is required under the Fifth Amendment Takings Clause.

63. Friedman therefore seeks recovery as set out below.

## SECOND CAUSE OF ACTION

**(42 U.S.C. § 1983 – Due Process and Equal Protection – Against All Defendants)**

64. Friedman refers to and re-alleges all of the above paragraphs and by this reference incorporates those paragraphs as though fully set forth herein.

65. Friedman possessed a vested right in constructing his Project. Each time Lockaby ordered him to stop work, this constituted a regulatory taking without just compensation. When the Planning Commission suspended the Permit, this also constituted a regulatory taking without just compensation in violation of law. Finally, when Neal and the Town refused to accept the Second Appeal from Friedman, this also constituted a regulatory taking without just compensation in violation of law.

66. These regulatory takings were under color of law, as Lockaby was acting under the authority of the Town and the Building Department.

67. Because the Permit was subject to a regulatory taking, Friedman is owed just compensation from the Town for the value he lost under the Fifth Amendment to the U.S. Constitution as incorporated and applied to the states by way of the Fourteenth Amendment to the U.S. Constitution.

68. The actions of Lockaby, Neal, and the Town also deprived Friedman of his property without due process of law in violation of the Fourteenth Amendment to the U.S. Constitution.

69. The actions of Lockaby, Neal, and the Town also deprived Friedman of his property without due process of law in violation of Art. 1, § 9 of the California Constitution.

70. The actions of Lockaby, Neal, and the Town, the suspension of the Permit,

and the refusal to issue the green tag are violations of Friedman's of substantive due process under the Fourteenth Amendment, as these actions were arbitrary and unreasonable.

71. The actions of Lockaby, Neal, and the Town, the suspension of the Permit, and the refusal to issue the green tag were also taken in retaliation of Friedman exercising his rights under the Federal and State Constitutions and the laws of the United States, California, and Fairfax. This violated Friedman's equal protection rights under the Fourteenth Amendment.

72. At all times relevant hereto, Lockaby acted pursuant to a policy or custom of Town of depriving permit holders of their rights without a hearing.

73. The Town failed to adopt clear policies and failed to properly train its personnel in how and when to suspend building permits, issue green tags, and/or accept appeals.

74. The Town's actions were a direct and proximate cause of the constitutional deprivations suffered by Friedman.

75. Friedman therefore seeks recovery as set out below.

### THIRD CAUSE OF ACTION

**(Inverse Condemnation –Art. 1, § 9, Cal. Const. - Against Town, Building Department, and Planning Commission)**

76. Friedman refers to and re-alleges all of the above paragraphs and by this reference incorporates those paragraphs as though fully set forth herein.

77. Friedman has a right, under the California Constitution, to just compensation when a government entity takes his property. This includes when a government entity acts unlawfully to deprive him of a vested right.

78. This claim is ripe because a court has ruled that revoking the permit and issuing an OSW was contrary to law and that the Town violated its mandatory duty by depriving Friedman of his vested right in his construction project without a hearing.

79. At all times relevant hereto, Lockaby acted pursuant to a policy or custom of the Town of depriving permit holders of their rights without a hearing.

80. The Town failed to adopt clear policies and failed to properly train its building department officials in how and when to suspend building permits.

Page 14

COMPLAINT FOR DAMAGES AND PETITION FOR ALTERNATIVE WRIT AND STAY AND PEREMPTORY WRIT OF MANDAMUS; DEMAND FOR JURY TRIAL

568822.1

81. The Town's actions were a direct and proximate cause of the constitutional deprivations suffered by Friedman.

82. Friedman therefore seeks recovery as set out below.

### FOURTH CAUSE OF ACTION

### (Negligence – Against All Defendants)

83. Friedman refers to and re-alleges all of the above paragraphs and by this reference incorporates those paragraphs as though fully set forth herein.

84. Once Fairfax has exercised its discretion on whether a particular portion of the work was installed in good and proper order, it is required by law to ministerially sign off on that inspection. Here, specifically, once the Town determined the electrical system on the Project had been properly installed, it was required to issue a green tag allowing PG&E to connect power to the house.

85. When a town fails to meet a ministerial duty, this constitutes negligence under California law.

86. Friedman therefore seeks recovery as set out below.

### FIFTH CAUSE OF ACTION

### (Writ of Mandate – Against Town, Building Department, and Planning Commission)

87. Friedman refers to and re-alleges all of the above paragraphs and by this reference incorporates those paragraphs as though fully set forth at length.

88. Fairfax has a legal duty to comply with applicable law and its own building permits, including the Permit issued by the Town to Friedman.

89. Once Fairfax has exercised its discretion on whether a particular portion of the work was installed in good and proper order, it is required by law to ministerially sign off on that inspection. Here, specifically, once the Town determined the electrical system on the Project had been properly installed, it was required to issue a green tag allowing PG&E to connect the power to the house.

90. Fairfax violated this legal duty, either intentionally or negligently, when it failed to issue the green tag once Lockaby had determined that the electrical service and system

Page 15

COMPLAINT FOR DAMAGES AND PETITION FOR ALTERNATIVE WRIT AND STAY AND PEREMPTORY WRIT OF MANDAMUS; DEMAND FOR JURY TRIAL

568822.1

were in good working order.

91.   Fairfax also violated its legal duty when it suspended the Permit through the action of the Planning Commission on January 11, 2024.

92.   Fairfax also violated its legal duty when it refused to accept Friedman's Second Appeal, further depriving him of his right to continue construction on his home.

93.   At all times relevant to this Complaint Fairfax has been able to perform its duties detailed herein, but has failed and/or refused and continues to fail and/or refuse to do so.

94.   Friedman has exhausted his administrative remedies because there is no administrative appeal procedure.  Friedman requested that Fairfax issue the green tag.  The green tag issuance is a task under the Building Code, which has no appeal procedure.  The Town has ignored previous appeals filed pursuant to its Code, and the Town has stated there is no appeal procedure, inviting court intervention.  Friedman requested an appeal of the Town's decision to refuse to issue the green tag, but to date the Town has refused to provide an administrative procedure of any kind.

95.   In the alternative, even if there were a sufficient administrative appeal procedure, it would be futile for Friedman to pursue it, given that the Town ignores appeals that have been filed, and has refused to accept his appeal on this issue.  In addition, irreparable harm will come to Friedman if he must wait an unknown time for an administrative appeal to be accepted, heard and decided.  Defendants' illegal actions have caused Friedman to not be able to install permanent electricity on his home, even though he must continue to pay interest on his construction loan and pay for temporary power.  He also is unable to continue to work under his Permit because the Town illegally suspended the Permit, and refused to accept the Second Appeal.

96.   Friedman does not have a plain, speedy and adequate remedy at law, other than the writ sought by this Complaint.

97.   If Fairfax is allowed to not issue the green tag, suspend the Permit and refuse to accept the Second Appeal, Friedman will suffer irreparable injury because (a) he will suffer pecuniary loss for which money damages may not be available against Fairfax and so

Page 16

cannot adequately compensate for Friedman's crew and equipment costs caused by the refusal to issue the green tag; (b) the longer the delay in allowing work to continue, the higher the likelihood that Friedman will not be able to get his crew back or get a similarly qualified crew to complete the work; and (c) without being able to complete the work, the cost of carrying the loan on the Property may become too great for Friedman to actually complete the work, and he may be forced to default on this loan.

98.     For all of these reasons, Friedman has a beneficiary, pecuniary interest in the issuance of a writ of mandamus, apart from that of the public at large.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Friedman respectfully prays that the Court enter judgment against Respondents as follows:

1.     For actual, direct, consequential, and other allowable damages due to the Town's regulatory taking, due process violations and the loss of use of Friedman's property; in an amount no less than $2,360,000;

2.     For actual, direct, consequential, and other allowable damages due to the Town's failure to issue a green tag as required by law, refusal to accept the Second Appeal, for the taking of Friedman's property, and for suspending the Permit without legal basis;

3.     For a Writ of Mandamus to be issued pursuant to Civ. Proc. §§ 1085, 1086 and 1087 ordering Defendants to immediately issue the green tag for the Property, to reinstate the Permit, and to accept Friedman's Second Appeal, or to show cause before this Court, at a time and place then or thereafter specified by court order, why Defendants have not done so and why a peremptory writ should not issue;

4.     For attorneys' fees allowable by statute, law, or any other source, including without limitation Cal. Civ. Proc. § 1036.

5.     For Friedman's cost in this action; and

//

//

//

COMPLAINT FOR DAMAGES AND PETITION FOR ALTERNATIVE WRIT AND STAY AND PEREMPTORY WRIT OF MANDAMUS; DEMAND FOR JURY TRIAL

568822.1

6.    For such other relief as the Court considers just and proper.

Dated: January 22, 2024                    ROGERS JOSEPH O'DONNELL

By: _____
                                           AARON P. SILBERMAN
                                           RICHARD M. HARRIS

                                           Attorneys for Plaintiff
                                           JACOB FRIEDMAN

COMPLAINT FOR DAMAGES AND PETITION FOR ALTERNATIVE WRIT AND STAY AND
PEREMPTORY WRIT OF MANDAMUS; DEMAND FOR JURY TRIAL

568822.1

## VERIFICATION

I, JACOB FRIEDMAN, declare that:

I am the petitioner in this case, and I make this verification for that reason. I have read the foregoing verified complaint for damages and petition for writ of mandate.

I have personal knowledge of all of the facts recited in the above-referenced document, and, therefore, verify them as true and correct.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this Verification was executed at Fairfax, California.

Dated: ___1/22/2024___     By: _____
                                    JACOB FRIEDMAN

JACOB FRIEDMAN

Page 18

Complaint for Damages and Petition For Alternative Writ and Stay and Peremptory Writ Of Mandamus, Case No.

568822.1